# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADA LISS GROUP, formerly known as ADA LISS LTD. ) ) ) ) | | |
| Plaintiff, ) | | |
| v. ) | 1:06CV610 | |
| ) | | |
| SARA LEE BRANDED APPAREL, ) a division of SARA LEE ) CORPORATION, ) ) | **ORDER** | |
| Defendant. ) | | |

This matter is before the court on Plaintiff's motion to amend its complaint [docket no. 27], on Plaintiff's motion to remand [docket no. 34], and on Defendant's motion for judgment on the pleadings [docket no. 23]. For the reasons discussed herein, Plaintiff's motion to amend the complaint will be granted, Plaintiff's motion to remand will be denied, and Defendant's motion for judgment on the pleadings will be denied as moot.

## **BACKGROUND**

Plaintiff Ada Liss Group has filed this breach of contract action against Defendant Sara Lee based on Defendant's alleged breaches of the parties' distributorship agreements and a Settlement Agreement related to Plaintiff's status as the exclusive distributor of certain of Defendant's products in Israel.

-1-

Plaintiff is an Israeli corporation; Sara Lee is a Maryland corporation and contends that its principal place of business is in Illinois; and the amount in controversy exceeds $75,000. Plaintiff originally filed this case in Wake County Superior Court on February 15, 2006. On March 17, 2006, Sara Lee removed the case to the Eastern District of North Carolina based on diversity jurisdiction. On March 24, 2006, Sara Lee filed a motion to dismiss for improper venue or, alternatively, to transfer venue to this district. On June 30, 2006, the Eastern District transferred the case to this court. On July 14, 2006, Sara Lee filed an Answer. Discovery commenced after the court approved the parties' Rule 26(f) report on August 23, 2006. Sara Lee subsequently filed a motion for judgment on the pleadings on November 22, 2006. On December 12, 2006, Plaintiff filed a motion to amend the complaint. On January 12, 2007, Plaintiff filed a motion to remand to state court.

**DISCUSSION**

Plaintiff's Motion to Amend the Complaint

The court first addresses Plaintiff's motion to amend its complaint. Plaintiff filed its motion to amend on December 12, 2006. The parties' Joint Rule 26(f) Report allows both parties until February 28, 2007, to make amendments to the pleadings. Plaintiff seeks leave to amend the complaint to (1) correct a misnomer regarding Plaintiff Ada Liss Group to reflect its complete name, Ada Liss Group (2003) Ltd.; (2) to add an allegation that Plaintiff is authorized to do business in North Carolina; (3) to add Hanesbrands Inc. as a co-defendant; (4) to add an

allegation concerning Defendant's failure to retain certain documents; (5) to add an allegation concerning Defendant's actual knowledge of parallel imports, the identity of one or more of the importers, and the identity of one or more wholesalers, and the fact that parallel imports were affecting Plaintiff's business; and (6) to add an allegation regarding Defendant's breach of its obligation under the Settlement Agreement to provide Plaintiff, on a regular basis, with closeout product lists and honor accepted orders of items on those lists.

In support of the motion to amend, Plaintiff argues that good cause exists for Plaintiff to amend the complaint due to Defendant's recent spin-off of Hanesbrands and its resulting status as the assignee of Defendant's distribution agreements and other contracts, including the contracts at issue in this case. Plaintiff contends that on or about September 5, 2006, Hanesbrands was spun off from Sara Lee and became an independent publicly traded corporation. Plaintiff further contends that in September 2006 Hanesbrands acquired from Sara Lee a portfolio of certain apparel brands, including Hanes, Champion, Platex, Bali, Just My Size, barely there, and Wonderbra, and is the assignee of the contracts at issue in this case. Plaintiff contends, therefore, that as an assignee of the contracts, Hanesbrands is a necessary party to the action, and the court should therefore grant the motion to amend to add Hanesbrands as a defendant. Plaintiff also argues that the motion is made early in the case, and justice requires the amendment because Defendant and Hanesbrands Inc., as the assignee of Defendant's contracts, are both obligated to Plaintiff on one or more of the contracts at issue in this case. Defendant opposes

the motion to amend, contending that the proposed amendments are futile and that some of the proposed amendments are subject to being stricken as "immaterial, impertinent and scandalous" in any event.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Amendments that cannot withstand a motion to dismiss are futile and, as a result, the court may deny the motion to amend. It is often a better exercise of the court's discretion, however, and a conservation of judicial resources, to leave decisions on the merits with respect to motions to amend until the matter has been fully briefed in a motion to dismiss. In ruling on a motion to amend, a court should only delve into the merits when it is absolutely clear that the amendment is frivolous. *See generally* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1487, at 635-43 (2nd ed. 1990). Furthermore, the court must wait for summary judgment briefing if there are any disputed facts that could affect the court's decision.

Here, the court finds that Plaintiff was not dilatory in bringing the motion to amend, nor is there any danger of prejudice to Defendant if the court allows the amendment. Furthermore, to be sure Defendant is permitted to file a motion to strike any scandalous or prejudicial allegations in the amended complaint. Given Rule 15's liberal approach towards amendments, however, it is not appropriate for the court to deny the proposed amendments at this point. Finally, even if the amendment proves to be futile, it is a better use of judicial resources to allow the amendment. The court will grant Plaintiff's motion to amend the complaint.

Next, since the court is allowing Plaintiff to amend the complaint, Defendant's pending motion for judgment on the pleadings as to the original complaint has been rendered moot. That being said, in any subsequent motion for judgment on the pleadings or motion to dismiss as to the amended complaint, Defendant may certainly adopt some or all of the arguments set forth in the current motion for judgment on the pleadings so that Defendant will not have to reinvent the wheel with its briefing on the amended complaint.

Plaintiff's Motion to Remand

Plaintiff has also filed a motion to remand the action to state court. In support of the motion to remand, Plaintiff contends that as of the time of removal, Defendant Sara Lee's principal place of business was in North Carolina. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Moreover, under 28 U.S.C. § 1441(b), actions removed on the basis of diversity jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is referred to as the "forum defendant rule," and reflects the belief that federal diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state. *See* ERWIN CHEMERINSKY, FEDERAL JURISDICTION, § 5.5, at 345 (4th ed. 2003).

Plaintiff argues that since Sara Lee was a citizen of the State in which the action was brought, removal was improper under the forum defendant rule, and remand is proper on this basis. Plaintiff further argues that the addition of Hanesbrands Inc. as a defendant also violates the forum defendant rule of § 1441(b) because Hanesbrands has its principal place of business in North Carolina. Plaintiff contends that the court must remand the case to state court under 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." Defendant contends that Plaintiff's motion to remand should be denied because Plaintiff has waived any objection based on the forum defendant rule; (2) Sara Lee was a dual citizen of Maryland and Illinois, not North Carolina, when the lawsuit was filed and removed, and therefore the forum defendant rule does not apply; and (3) the addition of Hanesbrands after removal neither destroys complete diversity nor provides a basis for divesting this court of jurisdiction.

Removal based on diversity jurisdiction requires: (1) diversity of citizenship between the parties, and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. For purposes of removal jurisdiction, a federal court must consider the parties' citizenship and the amount in controversy as of the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938); *see also Atari v. McNeal*, 159 F. Supp. 2d 224, 225 (W.D.N.C. 2000). Moreover, in removal cases it is the defendant's burden to prove that the

-6-

Case 1:06-cv-00610-NCT-JLW   Document 45   Filed 02/26/07   Page 6 of 12

case satisfies all of the jurisdictional requirements for removal. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148 (4th Cir. 1994). Finally, the case must be remanded if at any time before final judgment it appears that the federal court lacks subject matter jurisdiction. *See United States v. White*, 139 F.3d 998, 999-1000 (4th Cir. 1998); 28 U.S.C. § 1447(c).

First, with regard to Plaintiff's argument for removal based on the citizenship of Sara Lee, the court notes that Plaintiff did not file the motion to remand within thirty days of removal. Under the current language of § 1447(c), a remand motion "on the basis of *any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under § 1446(a)." The issue here is whether under the language of section 1447(c), assuming that this case was improperly removed because Sara Lee is a North Carolina citizen, this court must remand to state court. A majority of circuit courts have held that the forum defendant rule is merely procedural, as opposed to jurisdictional, and is therefore waived under 28 U.S.C. § 1447(c) if no objection is made within 30 days of removal. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379-80 (7th Cir. 2000); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n.3 (3d Cir. 1999); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 21-22

(1st Cir. 1987); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1094-95 (10th Cir. 1970); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924). As Defendant notes, the Ninth Circuit's recent opinion on the issue in *Lively v. Wild Oats Markets, Inc.* is instructive. In that case, the court conducted a "close analysis of the legislative history of § 1447(c), the policy rationale of § 1441(b), the prevailing law of our sister circuits, and Supreme Court precedent," all of which weighed in favor of finding that the forum defendant rule is procedural. *Id.* at 939. The court specifically addressed the 1996 amendment to § 1447(c), noting that from 1988 to 1996 that section stated that "[a] motion to remand the case on the basis of *any defect in removal procedure* must be made within 30 days after the filing of the notice of removal under § 1446(a)." *See id.* (emphasis in original) (quoting Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, § 1016(c)(1)). The court noted that because confusion remained over what removal defects triggered the 30-day time limit, § 1447(c) was amended again in 1996 to state that a remand motion "on the basis of *any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under § 1446(a)." *See id.* (emphasis in original) (quoting Pub. L. No. 104-219, § 1 (1996)). The Ninth Circuit held that substituting the phrase "defect other than lack of subject matter jurisdiction" for "defect in removal procedure" demonstrated that Congress was seeking to ensure that "even the 'more substantive' removal defects, such as § 1441(b) violations, were subject to the 30-

-8-

Case 1:06-cv-00610-NCT-JLW   Document 45   Filed 02/26/07   Page 8 of 12

day time limit." *Id.* The court concluded that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)." *Id.* at 942.

The Fourth Circuit has not yet ruled as to whether the forum defendant rule under § 1441(b) is procedural and may therefore be waived.[1] The court did hold in *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198 (4th Cir. 2006), however, that failure of all defendants to join in the removal petition under section 1446(a) does not implicate the court's subject matter jurisdiction because it "is merely an error in the removal process" and "[a]s a result, a plaintiff who fails to make a timely objection waives the objection." *Id.* at 203. In the opinion, the Fourth Circuit specifically cited other courts' statements that procedural removal requirements are not jurisdictional and thus a party may waive the right to object to removal on those grounds. *See id.* at 203-04. Thus, it appears that if faced with the issue before this court, the Fourth Circuit would join the majority of circuit courts in holding that the forum defendant rule is merely procedural and may, therefore, be waived. For this reason, and

---

[1] The court notes that, on October 12, 2006, the United States Supreme Court denied a petition for certiorari in a case out of the Eighth Circuit that raised the precise question that is before this court–i.e., whether the forum defendant rule is merely procedural and may, therefore, be waived if a timely motion for remand is not made. *See Horton v. Conklin*, 431 F.3d 602 (8th Cir. 2005) (adhering to the minority view that a violation of the forum defendant rule is a jurisdictional defect and is therefore incapable of being waived), *cert. denied*, *Waugh v. Horton*, 127 S. Ct. 60 (2006). With the refusal of the Supreme Court to take up the issue, it appears that the circuit split will continue to remain unresolved for now.

because the court finds the views of the other circuit courts that have addressed the issue on all fours to be persuasive, this court holds that the forum defendant rule is procedural rather than jurisdictional and may, therefore, be waived if a timely motion for remand is not made.[2]  Accordingly, and applying this principle to the facts in this case, even assuming *arguendo* that Sara Lee was a citizen of North Carolina at the time of removal,[3] remand is not required because Plaintiff did not object within 30 days of removal.[4]

---

[2] Although in 1997 this court followed the minority view that the forum defendant rule was jurisdictional, the court relied in part on a pre-1996 amendment Eighth Circuit case in reaching its conclusion.  *See Parker v. Parker*, No. 4:97cv341, 1997 U.S. Dist. LEXIS 10933, at *5-6 (M.D.N.C. June 17, 1997) (citing *Hurt v. Dow Chem. Co.*, 963 F.2d 1142 (8th Cir. 1992)).  Given the language of the 1996 amendments and the clear emergence of a majority of circuit courts holding that the forum defendant rule is procedural, the court now departs from its earlier ruling in *Parker*.

[3] In any event, the court finds more persuasive Defendant's argument that as of the date of removal on March 17, 2006, Sara Lee's principal place of business was in Illinois, not North Carolina.  Indeed, as Defendant notes, other courts have routinely regarded Defendant Sara Lee as having its principal place of business in Illinois.  *See, e.g., In re Sara Lee Corp. Sec. Litig.*, No. 03C3202, 2006 U.S. Dist. LEXIS 50777, at *2 (N.D. Ill. July 10, 2006) ("Defendant Sara Lee is a Maryland corporation with its principal place of business in Chicago, Illinois."); *Mizell v. Sara Lee Corp.*, No. 2:05cv129, 2005 U.S. Dist. LEXIS 36988, at *2 (E.D. Va. June 9, 2005) (noting that Sara Lee "is incorporated in Maryland and has its principal place of business in Chicago, Illinois"); *Sara Lee Corp. v. Gregg*, No. 1:02cv00195, 2002 U.S. Dist. LEXIS 26985, at *2 (M.D.N.C. July 31, 2002) (stating that Sara Lee "is a Maryland corporation with its headquarters in Illinois"); *Royal Queentex Enters., Inc. v. Sara Lee Corp.*, No. C 99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139, at *3 n.1 (N.D. Cal. Mar. 1, 2000) ("Sara Lee is a Maryland corporation with its principal place of business in Chicago, Illinois.").

[4] At least one court in this circuit has suggested that even if Plaintiff *had* filed a timely objection to removal based on alleged section 1441(b) violation, the court could still in its discretion retain the case.  *See Sherman v. Sigma Alpha Mu Fraternity*, 128 F. Supp. 2d 842 (D. Md. 2001).  That is, a federal district court in Maryland observed that "section 1447(c)'s directive that district courts *shall* remand cases lacking subject matter jurisdiction and the conspicuous absence of such mandatory language with respect to

-10-

Case 1:06-cv-00610-NCT-JLW   Document 45   Filed 02/26/07   Page 10 of 12

As to the addition of Hanesbrands as a Defendant in Plaintiff's proposed amended complaint, Plaintiff contends that the court must remand the case to state court under 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." Section 1447(e), however, has no application here. That is, Hanesbrands is diverse from Plaintiff; therefore, the addition of Hanesbrands as a defendant does not destroy complete diversity, and post-removal joinder of a forum defendant does not destroy subject matter jurisdiction as long as diversity continues to exist. *See Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870-71 (9th Cir. 2004); *see also Trinity Hospice, Inc. v. Miles*, No. 4:06cv1674CDP, 2006 WL 3825287, at *2 (E.D. Mo. Dec. 27, 2006) (stating that section 1441(b) does not control the procedures after removal; thus, as long as the parties remain diverse, the court need not remand where plaintiff adds a defendant who is a citizen of the forum state). Notwithstanding that Defendant removed this case, Plaintiff could have originally filed this claim in federal court with Hanesbrands as an named Defendant because the parties are all clearly diverse. Based on the foregoing, Plaintiff's motion to remand is denied.

---

procedural defects supports the conclusion that district courts have discretion to retain jurisdiction over diversity cases suffering from merely procedural defects *even if* the plaintiff raises a timely objection." *Id.* at 847 (emphases added).

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to amend the complaint [docket no. 27] is **GRANTED**, Defendant's motion for judgment on the pleadings [docket no. 23] has been rendered **MOOT**, and Plaintiff's motion to remand to state court [docket no. 34] is **DENIED**.[5]

*In keeping with the authority cited in the margin, this order **will be stayed for a period of 15 days to allow any party to object and seek review by the district judge.***

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
February 26, 2007

---

[5] For a discussion of the authority of a Magistrate Judge to issue an order on a motion for remand, *see Johnson v. Wyeth,* 313 F. Supp. 2d 1272 (N.D. Ala. 2004) (discussing *Roell v. Withrow,* 538 U.S. 580 (2003)); *Wyatt v. Walt Disney World, Co.,* No. 5:97CV116-V, 1999 WL 33117255, at *3-5 (W.D.N.C. July 26, 1999).