IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADA LISS GROUP, formerly known as ADA LISS LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:06CV00610 |
| SARA LEE BRANDED APPAREL, a division of SARA LEE CORPORATION, and HANESBRANDS INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM ORDER

TILLEY, District Judge

This action arises out of a contract dispute between Plaintiff Ada Liss Group and Defendants Sara Lee Corporation and Hanesbrands Inc. On October 18, 2007, the Magistrate Judge entered a Recommendation [Doc. # 82] that Plaintiff's Motion for Voluntary Dismissal Without Prejudice [Doc. # 75] be granted subject to certain terms and conditions. Plaintiff has filed timely objections to the Recommendation, and all briefing has been completed. The Court has reviewed Plaintiff's objections. The Recommendation of the Magistrate Judge will be adopted in part.

I.

In his Report and Recommendation, the Magistrate Judge recommended that Plaintiff be allowed to take a voluntary dismissal without prejudice only upon the

acceptance of certain terms and conditions. Plaintiff has objected to two of these conditions, and each will be addressed in turn.

A.

With respect to the condition that Plaintiff re-file this action in this Court, the Court finds that such a condition is necessary to ensure that Plaintiff is not able to avoid previous rulings by this Court. In particular, the following rulings that were adverse to Plaintiff would, or could, be obviated if Plaintiff were allowed to re-file in another court: (1) an Order denying Plaintiff's Motion to Remand; (2) an Order denying Plaintiff's request for an extension of a discovery deadline by three months in which to serve expert reports;[1] and (3) a ruling that certain damages requested by Plaintiff are barred by the terms of the applicable Distributorship Agreements.

Plaintiff's objection to this portion of the Recommendation is without merit. Under the circumstances of this case, where it appears that the Motion for Voluntary Dismissal may been filed in order to circumvent prior legal rulings by this Court, the re-filing condition is entirely appropriate. See RMD Concessions, LLC v. Westfield Corp., 194 F.R.D. 241, 243 (E.D. Va. 2000) (granting voluntary

---

[1]On June 15, 2007, Plaintiff's expert witness reports were due. Rather than serving the expert reports, Plaintiff filed a motion to extend discovery deadlines. [Doc. # 69]. In the motion, Plaintiff sought an extension of time by three months, or until September 13, 2007, to serve its expert reports. [Doc. # 69]. By order dated July 2, 2007, Magistrate Judge Dixon extended the deadline for Plaintiff to serve its expert reports, but only until July 13, 2007. [Doc. # 72]. Plaintiff filed the instant Motion for Voluntary Dismissal on July 12, 2007 – the day before its expert reports were due. It does not appear that Plaintiff has served any expert reports on Defendants.

2

dismissal without prejudice subject to condition of refiling in Virginia state or federal court where a dismissal without condition would "avoid or undo the effect of an unfavorable order or ruling" that transferred the case to Virginia).

In fact, courts within the Fourth Circuit have frequently <u>denied</u> motions for voluntary dismissals without prejudice where it appears that the purpose of the motion may be to undo negative rulings of the court.  <u>See</u>, <u>e.g.</u> <u>Francis v. Ingles</u>, 1 Fed. App'x 152, 154 (4th Cir. 2001) (unpublished opinion) (affirming district court's denial of motion for voluntary dismissal where "the motivation for the motion appeared to be to circumvent the court's decision to exclude one of the plaintiff's expert witnesses"); <u>Paturzo v. Home Life Ins. Co.</u>, 503 F.2d 333, 336 (4th Cir. 1974) (affirming denial of motion to dismiss without prejudice where the purpose of the motion appeared to be to circumvent adverse ruling regarding plaintiff's failure to request a trial by jury and noting that "[u]nderstandably, the court below did not want to permit plaintiff to use indirect methods to obtain those rights he had forfeited through his own lack of diligence"); <u>Shabazz v. Pya Monarch, LLC</u>, 271 F. Supp. 2d 797, 800-01 (E.D. Va. 2003) (denying plaintiff's motion for voluntary dismissal without prejudice where plaintiff filed motion to circumvent adverse legal ruling regarding failure to make a timely jury demand); <u>Teck Gen. P'ship v. Crown Cent. Petroleum Corp.</u>, 28 F. Supp. 2d 989, 992 (E.D. Va. 1998) (denying plaintiff's motion for voluntary dismissal without prejudice where motion was filed after the defendant's motion to strike the testimony of

3

plaintiff's expert witness was granted and explaining that "plaintiff's attempt to use a Rule 41(a) non-prejudicial dismissal to avoid the consequences of an adverse ruling resulting from its lack of diligence in discovery is a decisive factor weighing against non-prejudicial dismissal").

B.

Plaintiff also objects to the condition in the Recommendation that would require Plaintiff to pay Defendants' costs and attorney's fees for work that would be "useless in subsequent litigation." [Doc. # 82 at 18]. The Fourth Circuit has held that, as a matter of course in most voluntary dismissals, a plaintiff should be required to pay a portion of the defendant's taxable costs. Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir.1987). The Davis court also explained that such costs generally should not include attorney fees, particularly where there is no showing of bad faith on the part of the plaintiff. Id. (holding that "the district court abused its discretion by denying the motion for voluntary dismissal without prejudice because of the plaintiff's refusal to pay a portion of the defendant's attorneys' fees arising from the litigation of this action"). This limitation on fees is also consistent with Rule 41(d), which provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Although the Court finds suspect the timing of the Motion for Voluntary

4

Dismissal on the eve of the deadline for expert reports, such conduct does not necessarily constitute bad faith. Accordingly, there is no basis to condition either dismissal without prejudice or refiling upon the payment of Defendants' attorney's fees. However, consistent with Rule 41(d), as a condition of voluntary dismissal, Plaintiff should be required to pay at least a portion of the defendants' taxable costs in the event Plaintiff elects to re-file this action. The reimbursement of these costs will not include payment for activities on the part of Defendants that will be applicable to the subsequent litigation. See Dean v. WLR Foods, Inc., 204 F.R.D. 75, 80 (W.D. Va. 2001).

II.

For the foregoing reasons, the Recommendation of the United States Magistrate Judge is ADOPTED in part. Plaintiff's Motion for Voluntary Dismissal will be GRANTED upon acceptance of the following conditions: (1) Plaintiff must re-file this action in this Court as stated in the Report and Recommendation; and (2) in the event Plaintiff elects to re-file this action, Plaintiff must reimburse Defendants for costs incurred in this litigation for activities that will not be applicable in the subsequent litigation.

Within 10 days of the date of this Order, Plaintiff shall file a notice that it either accepts the conditions of the Court, in which case the Motion for Voluntary Dismissal will be granted, or that it will instead proceed with this case.

5

This the 22nd day of February, 2008.

                                                                     /s/ N. Carlton Tilley, Jr.
                                                                       United States District Judge